UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAVID WEXLER,

                      Plaintiff,                              **REPORT AND**
                                                                     **RECOMMENDATION**
         -against-                                              CV 20-1370 (DRH) (ARL)

USIC LOCATING SERVICES, LLC,

                      Defendant.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, David Wexler ("Wexler"), for a default judgment as against the defendant, USIC Locating Services ("USIC"). For the reasons set forth below, the undersigned respectfully recommends that the default judgment be granted and Wexler be awarded $2,000.00 in statutory damages under 17 U.S.C. § 504(c); $2,500.00 in statutory damages under 17 U.S.C. § 1202(b)(3); $245.00 in attorneys' fees and $440.00 costs under 17 U.S.C. § 505.

## BACKGROUND

      The following facts are taken from the complaint and the papers submitted in support of the motion for a default judgment.

      **A.**      **Factual Averments**

      This copyright infringement action arises out of the defendant's alleged unauthorized reproduction and public display of a copyrighted photograph of Matt Hennessey. Comp. ¶ 1. The plaintiff, David Wexler ("Wexler"), is a professional photographer in the business of licensing his photographs to online and print media for a fee. *Id*. ¶ 5. Wexler has a usual place of business at 315 Sugarwood Lane, Commack, New York 11725. *Id*. The defendant, USIC

Locating ("USIC"), is a foreign limited liability company duly organized and existing under the laws of the State of Indiana, with a place of business at 100 Marcus Blvd, Suite 3, Hauppauge, NY 11788.  *Id*. ¶ 6.  USIC operates a Zippia page at the URL: www.Zippia.com/USIC-Careers-43227 (the "Website").  *Id.*

At some point prior to December 2, 2017, Wexler photographed Hennessey, who is alleged to be "one of the highest paid utility workers." *Id*. ¶ 7.  Wexler then licensed the photograph to the New York Daily News.  *Id.* ¶ 8.  The New York Daily News ran an article that featured the photograph titled "Contract Dispute with Infrastructure Headed for City Council Hearing." *Id.*  Wexler's name was featured in a gutter credit identifying him as the photographer of the photograph.  *Id.*  Twelve days later, the photograph was then registered with the United States Copyright Office and was given registration number VA 2-085-809.  *Id.* ¶ 10; Pl.'s Mem. at 22.

USIC then republished the photograph on its website without a license or Wexler's permission or consent.  *Id.* ¶¶ 11-2.  In addition, according to Wexler's memorandum, USIC did not credit him as the photographer.  Pl.'s Mem at 1.  Indeed, USIC removed Wexler's gutter credit when it republished the photograph on its website.  *Id.; see also* Compl., Ex. C.

**B.      Procedural Background**

On March 14, 2020, Wexler commenced this action asserting two claims against USIC, namely, Copyright Infringement pursuant to 17 U.S.C. §§ 106, 501 and Integrity of Copyright

Management Information pursuant to 17 U.S.C. § 1202.  A copy of the summons and complaint was served on USIC on March 18, 2020.  ECF No. 7.  Despite such service, USIC failed to answer or respond to the complaint.  Accordingly, on January 20, 2021, Wexler requested that the Clerk of the Court enter a Certificate of Default, which was done the same day.  ECF Nos. 9, 10.  On January 22, 2021, Wexler filed the instant motion for a default judgment.  ECF Nos. 11-14.

## DISCUSSION

### A.     Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's

3

allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

**B.     Liability**

Section 106 of the Copyright Act grants owners of a copyright the "exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106. Under the Act, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by section 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501. To prevail on a copyright infringement claim, the plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Parsons v. Bong Mines Ent. LLC*, No. CV 19 813 JMA AKT, 2021 WL 931506, at *6–7 (E.D.N.Y. Feb. 18, 2021), report and

4

recommendation adopted, No. 19 CV 813 JMA AKT, 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344, 111 S. Ct. 1282, 1287, 113 L. Ed. 2d 358 (1991).

The first element of a copyright infringement claim can be established by introducing evidence of a Copyright Office certificate of registration. *Id.* (citing *Sheldon v. Plot Commerce*, No. 15-CV-5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, 2016 WL 5107058, at *1 (E.D.N.Y. Sept. 19, 2016)). As noted above, Wexler alleges that he registered the photograph with the United States Copyright Office and was given registration number VA 2-085-809. Compl. 10. In cases of default, Wexler's assertion of the existence of a valid copyright, even without producing the certificate, is satisfactory. *Parsons*, 2021 WL at *7 (citing *Renna v. Queens Ledger/Greenpoint Star Inc.,* No. 17-CV-3378, 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019), report and recommendation adopted by, 2019 WL 1062490, at *1 (E.D.N.Y. Mar. 6, 2019)). Accordingly, his allegations are sufficient to satisfy the first element of a copyright infringement claim.

"To establish the second element of a copyright infringement claim, the '[p]laintiff must meet a 'minimal' burden to show that the [p]hotograph is his [or her] original work and allege a violation of his [or her] exclusive rights under § 106.'" *Id.* (citing *Pasatieri v. Starline Prods., Inc.*, No. 18-CV-4688, 2020 WL 207352, at *2 (E.D.N.Y. Jan 14, 2020)). "'For photographs, originality may be founded upon . . . [their] subject matter, angle of photograph, lighting,

5

determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken.'" *Id.* (citing *Pasatieri,* 2020 WL 207352, at *2 (internal quotation marks and citation omitted)). In this case, the originality of photograph of Matt Hennessey can be inferred from Wexler's claim to be the author of the Photograph. *Id.* (citing *Suk v. Tastemakers Glob., Inc.*, No. 19-CV-6043, 2020 WL 7774705, at *3 (E.D.N.Y. Oct. 19, 2020), report and recommendation adopted, No. 19-CV-6043, 2020 WL 7770978, at *1 (E.D.N.Y. Dec. 30, 2020) (finding that "the originality of the [p]hotographs can be inferred from plaintiff's claim that she is the [p]hotographs' author."). Given Wexler's allegation that USIC published the photograph on its website without having obtained a license or permission from Wexler, the undersigned finds that Wexler has successfully stated a claim for copyright infringement under 17. U.S.C. § 501.

Wexler next argue that USIC has also violated section 1202 of the Digital Millennium Copyright Act ("DMCA"). Pursuant to Section 1202(b) of the DMCA:

> No person shall, without the authority of the copyright owner or the law (1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or ... having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b). A civil action may be brought by "[a]ny person injured by a violation of

6

section . . . 1202 . . . in an appropriate United States district court for such violation." *Sheldon v. Plot Com.,* No. 15 CV 5885 CBA CLP, 2016 WL 5107072, at *16 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, No. 15 CV 5885 CBA CLP, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016)(citing 17 U.S.C. § 1203).   However, "[i]n order to establish a violation of this section, there are two prerequisites that must be met: "(1) the person providing, distributing or importing the false [copyright management information] must know the [copyright management information] is false, and (2) the person providing, distributing, or importing the false [copyright management information] must do so with the intent to induce, enable, facilitate or conceal an infringement of any right under title 17." *Id.*   "'Courts have applied this statute in a straightforward manner such that [p]laintiffs . . . need only allege (1) the existence of [copyright management information] on the [work in question]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *Id.* (quoting *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (citing Associated Press v. All Headline News Corp., 608 F. Supp. 2d 454, 461 (S.D.N.Y. 2009)).

  Here, Wexler alleges that USIC intentionally removed his gutter credit when it re-published the photograph from the New York Daily News on its website.   Pl.'s Mem at 1; Compl. ¶ 22, Ex. C.   In addition, Wexler alleges that he did not authorize USIC to remove his name and they did so with the intent to conceal the infringement.   Compl. ¶¶ 23-5.   Assuming the allegations to be true, Wexler has also sufficiently established that USIC is liable under the

7

DMCA for the removal of copyright information.

### C.  Damages

Wexler seeks $7,500.00 in statutory damages under 17 U.S.C. § 504(c); $5,000.00 in statutory damages under 17 U.S.C. § 1202(b)(3); $245.00 in attorneys' fees and $440.00 costs under 17 U.S.C. § 505.  Pursuant to the Copyright Act, Wexler is entitled to " a sum of not less than $750 or more than $30,000" for non-willful copyright infringement.  17 U.S.C. § 504(c)(1).  Section 1202 of the DMCA provides for an award of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203.  In support of his request, Wexler argues that he registered the photograph within three months of its initial publication. Pl.'s Mem. at 22.  Although Wexler correctly notes that the Court need not assess his loss of revenues or USIC's profits to calculate an award, Wexler provides only scant details to justify the award.  Indeed, he has not even provided the Court with the licensing fee he received from the New York Daily News as a comparator which is often done in similar cases.  *See e.g. Sheldon*, 2016 WL 5107072 at *15 (providing licensing agreements with similar websites in support of damages).  Accordingly, the undersigned respectfully recommends that the default judgment be granted as against USIC and that Wexler be awarded $2,000.00 in statutory damages under 17 U.S.C. § 504(c) and $2,500 in statutory damages under 17 U.S.C. § 1202(b)(3).  In addition, the Court has reviewed the plaintiff's request for $245.00 in attorneys' fees and $440.00 costs under 17 U.S.C. § 505 and finds the request to be supported, reasonable and consistent with similar awards in this district.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendant upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
      June 7, 2020

                                        _____/s/_____
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge